Good morning. May it please the court. My name is Jim Park. I'm here on behalf of serving two life sentences in addition to a 75-year consecutive sentence after he completes his life sentences for acts that he committed when he was 17 years old. And if the convictions are upheld, he will, for things that he did as a young man, the consequence will be death in prison. What we're asking, your honors, is this. From the perspective of the Juvenile Delinquency Act, in the transfer issue, unfortunately, just looking at the statute, I would have to admit that it's not as clear as that supports the defendant's position. However, it is also not clear that supports the government's position. When I read, and I was not the trial counsel of this case, when I was reviewing the record, to me what bothered me was it seemed fundamentally unfair that the whole act of the Juvenile Delinquency Act, the purpose driven, is about the juvenile and giving the courts the discretionary power to transfer. When a trial judge is considering a defendant's, a juvenile's future, and it's in their discretion, they should have all facts and all charges brought forth in front of them so they can consider all the relevant factors before deciding whether to transfer or not transfer a particular defendant. What the, how would the addition of more charges make it less likely that a defendant would be transferred? I mean, you've already had somebody transferred based on certain charges. The government goes to add additional charges. The factors that are examined at the time of transfer focus principally on the circumstances around the individual, so those don't change. All you do is add some more serious charges. I'm not sure I understand how that makes the case against transfer stronger. Judge, we've lost the transfer issue, and that's not, that's not what I'm arguing. What I'm arguing is, is, to give a hypothetical, maybe a judge, a trial judge, is drawn at a random after an information is filed. Maybe they have a reputation for not transferring a juvenile who may be potentially facing a life sentence. Maybe the government has discretion to only charge certain offenses such as robbery or certain drug offenses where they know the statutory sentences are certain max. They go to a transfer hearing. The judge decides, all right, the kid is looking at a substantial amount of time but is not looking at a life sentence, let me transfer him. Then, is it fair for the government to turn around and say, hey, now we got the transfer, we got a random draw, now we're at dull charges. He's open game. The defendant's open game. And that's what the government is really saying. So we can add up the charges if any conduct is related. And if you read even further to the government's issue, then what the government is allowed to do is, if the juvenile whose status is transferred, can they bring in additional charges maybe from other times that they've discovered? Can they add on more charges? And when you interpret the government's way, that's what you end up at. Is there anything that would preclude defendant from seeking, bringing a motion to court saying these should be adjudicated based on a status, a juvenile hearing, not as an adult prosecution? It is unclear. I mean, that's certainly what, as a defense counsel, would try to attempt to do. You try to bring it back. So these charges were not transferred, so therefore, it shouldn't be brought back. It shouldn't be in front of the adult court. And that's the argument we're making. These charges were not brought before the district court. So therefore, it's essentially saying, at the trial court level, because these were not brought at the transfer hearing, they can't add these charges. What were the charges that were the basis for the removal? Pardon me, Judge? What were the charges that were the basis for removal? There were one for premeditated murder, and there were acts... That's not as serious as you can get. That is correct. And the defendant was acquitted of the premeditated murder and was convicted of second-degree murder. The other charges were aggravated sexual abuse of two minors, and then there was... Your argument was that if they didn't have the added charges, that probably there wouldn't have been a transfer to an adult status. Well, you got first-degree murder. That's a pretty serious charge. I understand. I'm arguing not that... From this particular set of issues, on the nature of the charge that Mr. James was facing, it probably would not have a difference. However, but we have to... Is that what we're dealing with, this case? I also think it has to deal with, in the future, how our other juveniles are going to be facing this type of situation. If a juvenile is faced... I forgot a case that was not so serious as first-degree, then we'd consider that then, wouldn't we? Yes and no, Judge, because there is, as we cited, both the government and the defendants argued, there isn't really a lot of case law on this issue. And we need guidance as to how should the government proceed. From the beginning, you have a juvenile defendant facing serious charges. What should they do? Should they bring all the charges? They're going to go prosecute an adult if they get the transfer, or should they be allowed to hold back and make a decision at a later point? Well, then, don't we look at the language of the statute? We do look at the language. The language of the statute would seem to indicate that you can hold back if the charges are such that they would have warranted transfer. And isn't that a fairly tangible test? Yes and no. When I was discussing with the government's counsel, I read my brief, I like my argument. I read their brief, I like their argument. And that's where it's unclear, to be candid. And so, preparing for this argument, I knew one of the issues was I'm stuck with that language. I read that and more, I dissected the language and I looked at it. And what it comes down to is warranted transfer. How can you get into a whether a charge warranted transfer if it wasn't brought back, brought in front of a district judge in the first place? Well, that may question the wisdom of it, but the language says what it says. And on its face, it suggests you can have a retrospective examination. And after the fact examination of whether the charge would have warranted transfer, that language suggests that the examination doesn't have to come before. Because if it had to come before, then you wouldn't have any situation where you'd have this retrospective examination. There's other issue as to, within the 5032, 18 U.S.C. 5032, there's an issue pertaining to the defendant's consent. Maybe a defendant would consent to a certain type of charges knowing there may be other charges coming. And when they file an information to your benefit, you consent to it. Now, could the government add new charges to it? According to the government's argument, the defendant becomes a free game once he consents to adult charges. The defendant may be able to present an argument saying my consent was improperly induced because they hid the ball, but that's not your client's argument. I mean, he doesn't have that factual circumstance that permits him to make that argument. And those issues, frankly, are not coming up. Because I believe the general practice is when the government is seeking a transfer, you would think that the government would want to bring forth all the charges. And they had the opportunity to amend the charges to the information. They did it in this case. First, they filed the information. They amended it. Before the transfer hearing, they could amend it, all the charges, and let the district court judge know. I get this way, though. Suppose they decided to make the amendment later in time. You're suggesting they have to go back and have another transfer hearing. And I'm not sure what that would accomplish. I believe the amended information would have to be filed prior to the juvenile transfer hearing. Why? Because I believe once the transfer is done, then it gets randomly assigned. It's a final decision. It gets randomly assigned to another district judge, or I guess the first course would be the defendant has it. We're now in adult court, but you're going to impose a limitation. I mean, otherwise the government isn't limited in amending the charges. I mean, you get charges amended pretty late in the day. But you're saying because it's a juvenile proceeding, we're going to freeze the government's ability to bring additional charges, so they can't bring in additional charges after the transfer hearing? What logic is there in that? Well, the logic is, what's the purpose behind the juvenile act? It's to protect the juvenile and let the judge make a discretionary decision. Not the government. If the government's allowed to do that, then it is ultimately the government who makes the final decision. I'm not saying that. Because you're saying that, I mean, I invited you. Couldn't the defendant bring a motion to say these additional charges shouldn't be in front of you tried as an adult? They should be the subject of a juvenile status hearing. You could have done that, but you didn't. Because what I heard your argument say just now is you're concerned about the random draw on the government, judge shopping or whatnot. So you're going to ice everything as of the time of the juvenile transfer hearing and prohibit the government bringing any additional adult charges? Oh, and that's what the defendant did. The defendant moved to dismiss the additional charges. And lost. And lost. And that subject hasn't been appealed to us. That was appealed. I mean, that's what you think your argument here is? Well, it was appealed, but it was denied. Well, that was back prior to trial. That is correct. But that, well, maybe I don't understand the appeal correctly. Was that appeal specifically aimed at the additional charges that you allege were added after the transfer hearing? Or was that an appeal of the transfer itself? That was the appeal of the additional charges itself. There was two separate appeals. One was the appeal of the transfer hearing. And that issue is not up for appeal. That was gone. That was done. We lost. Then the second appeal was a motion to dismiss the additional charges. That after it was denied, it was appealed. And the court, after briefing, said premature. Go back. Litigate it. Well, in theory, that's before us now. Only I don't see that argument being made. I see a different argument being made. But that is the argument. It's that the dismissal should have been granted. And so the additional charges, I mean, I believe we're only actually down to additional counts. What I'm not hearing is an argument based on what the additional charges were and based on the circumstances of this defendant. What I'm hearing is a theoretical argument which says you shouldn't be allowed to add charges under any circumstances after the initial transfer hearing. I'm arguing both because I'm trying to get it both ways. I'm trying to hedge my bets, Judge. You've got to play the cards you dealt. But is there something with regard to the circumstances of this particular defendant and the particular charges that were added that suggest to us that those charges should not have been adjudicated as an adult? That is correct, Judge. We filed a motion to dismiss. We're appealing to deny the motion to dismiss. In the decision to transfer, is the age of the defendant a consideration? It is a factor, Judge. Here we have a person of, what, 17 and a half years old. So, in a way, at least it's less appealing when you have somebody that's that close to being an adult. And it is, frankly, Your Honor, it is a very troubling set of facts. I mean, the defendant had a very troubling background. What he did is very troubling. It is, it really, it would bother any normal person. And we're not, we're sensitive to those issues. But at the same time, this is a 17-year-old man who went on a spree. But when the government gets a conviction and is seeking, basically, essentially, a life imprisonment, let's do it fair, is what we're really asking for. When you filed the motion to dismiss the additional adult charges, the court, in considering that the charges and the defendant and the justification for having those charges tried as an adult? No. That was not, the court only based on that the government could add additional charges. And originally, the transfer here was from Judge Teelborg. And after it was, the transfer was affirmed, it got assigned to Judge Merguia. So when Judge Merguia heard the issue regarding the motion to dismiss, they did not do a separate transfer type analysis. It was a question of, legally, could the government add more charges, was the issue that was brought before the district judge, Merguia. As to the second issue, Judge, on the 413 and 414, I mean, it's, the evidence is relevant, whether the question about prejudice is a different issue. And the defendant was charged with offenses. What I find troubling is the, there's a statutory definition of what offenses, what convictions count as a sexual offense for propensity. I mean, it's such a powerful evidence. And there's some limitations, very broad limitations, nevertheless, limitations. A defendant was convicted of an offense as a juvenile in 2000 and 2001 for an offense that does not fit into 413, 414, 412, and 415, those statutes, because his offense does not categorically, we're kind of looping back, kind of a sentencing type issue, because it doesn't fit into the definitions or the descriptions that are identified in those particular specific statutes. Because such a powerful propensity evidence, the conviction should at least meet those definitions that are identified in the rules of evidence. The fact that the defendant lured these children to do what he did, he didn't just come upon them, but he lured them into a situation that he could do what he did. Doesn't that give an intent to what he did that might not be there if he hadn't lured them? I can't say, Your Honor. It's the factual, what I know is what the factual basis of the charges within the Navajo Tribal Code, and that's what defendant. And even if they aren't admissible under 412 and 413, aren't they admissible under 404B? Possibly. However, that gets to another confusion. And it's an issue I didn't brief, because I couldn't, for lack of better, I couldn't come up with the brain power to how to argue that, because I was speaking to my colleagues, and how do you instruct a jury? If you're going to admit it as 412, 413, 414, there's a propensity evidence, then you're going to have to give a 404B evidence instruction saying, don't consider it now. This is only for motive and you have a massive jury confusion. So I don't think a trial court can actually say this is going to come in as 412. You're going to have confusion in this case. Was there a serious factual dispute as to whether he had committed the acts? For the due charges or his prior juvenile convictions? Was there a serious, there was a admission of touching of the buttocks, and outside of clothing as to the 2000 conduct? Whether, and he was convicted of certain elements. And it goes to, diverging a little bit, is what happens if a tribe wanted toe fetishes or sucking on the toes to be a sexual act. That's a different case, and we're not dealing with that, and we don't have to worry about it. But what I'm trying to argue, Your Honor, is that it is that issue as to the tribal code defined a sexual act as being, you know, knowingly or intentionally. 404B may be the alternative. It doesn't, except in your argument for the moment, even if it doesn't fit within 412, 413, that doesn't preclude the possibility of it being admitted under 404B, weighing the value versus the prejudice. I would have to concede that. That is correct. The court could admit it under 404B, but it would have to be a separate analysis, and then you'd have to go into more of the prejudice. I mean, here what you have is you have an instruction. Basically, the evidence was used as propensity evidence. What's the prejudice here? The prejudice, Your Honor, is the once we knew, I wasn't a trial counsel, but thinking back, once you know it's coming in, you try to keep it out as much as possible. Once it comes in, you've got to use it the best way you can. The strategy of the trial itself gets changed, and when you have a propensity evidence like a person who lies to me, once a thief, always a thief. Once a sexual deviant, always a sexual deviant. I mean, that's what the jury's going to think in their mind when they hear about this guy is a sexual deviant. And that really is extreme prejudice. Personally, I would not have introduced about the sexual history if I could have avoided it. But once it was coming in, the defense counsel had to do, as I said in my reply brief, once you're a criminal, you have to do it. So we have a, I believe we have an issue regarding Kastigar, and to this day, we still don't know what government actually found out. And as to the sentencing issue, the government, I believe, and we are on the same page, and the government actually was, I appreciate their candor, too, because I missed the issue about the Kastigar case. May it please the court, I'm Vincent Kirby, I'm from the District of Arizona, and I was trial counsel below. Let me just ask the court to keep in mind that in regards to the 413 evidence, and let me make this specific, while there's a lot of information in the briefs about what acts happened and who was representing what, the evidence was introduced solely to the tribal probation officer, Marie Collins, and she simply reported that the defendant had been adjudicated as a juvenile for two counts of sexual assault, that the victims were aged two and three, and the defendant admitted putting his hand in her diapers, in their diapers. That's the only evidence under 413 that was admitted, except for the defendant's taped statement in which he admitted during the course of the interview that he had gone to jail for touching girls before. In this case, the girls, the intent with respect to Kira, and the court noted this, was not evident from the facts. Kira, the Jane Doe, too, was unable to give us anything at trial other than the defendant hurt me and pointed to the location. That's all we had. You can look at the other evidence, the blood, the diaper down, but we had no evidence of what his intent was. Clearly, this information, which would have, under an attempt, certainly those acts would have fit federal definitions under the attempt statute. It certainly wasn't prejudicial, and I might point out to the court that this is not the slam dunk as portrayed by the defense. The jury did choose the lesser-included offense of second-degree murder. They did not convict of the gun and the gun, and the jury did not convict of the gun. I think it's important, but it also cuts another direction, which suggests the jury was discriminating, and could they have been misled by the admission of the conviction, inferring from the fact of convictions more than perhaps those convictions stood for? In this particular case, with that limited amount of information that was given to them, I submit that it was not. It was a conviction that the conviction, that the elements necessary for the conviction were greater than they actually were. They might have required an explicit finding of intent. I submit, Your Honor, in light of the fact that the defendant's admission that he put his hand in her diapers gave the jury the factual predicate of what that constituted. It was not a mystery. It was not he was convicted. Was it a serious rape? Were there weapons involved? They were told it involved him putting his hand inside the diapers of two- and three-year-olds. I was going to ask, the panel is in receipt of our supplemental motion, which we filed on Friday, about the issue in Count 4, on the sentencing? Yes. I appreciate that, and as long as you've raised that, I admit I was caught by surprise, because I hadn't anticipated that felony was going to be a felony. So be it. The 924 is the problem that we have now, and although I can understand conceptually, because ordinarily you measure 924 based on the ability to charge separately, I have a hard time figuring out here, if you can't convict or if you can't sentence for both directly, is there any real way to avoid lumping the 924s together as well? Are you talking about, we agree the robbery is going... The robbery goes. Robbery goes. At least on the same terms that the second-degree murder goes, that is subject to the possibility of reinstatement if necessary. Now I look at the 924s in connection with those two, and if for this purpose you can't sentence separately for robbery, is there any logic to permitting imposition of a separate 924? Your Honor, I think in our actual brief we suggested that, in light of the courts, that that probably was the case, and that's probably the direction for count, if I have this correctly, count 6, that since the indictment, at least in this case, directly referenced and pointed that 924C to a count that's essentially going to be vacated, that they may well be part and parcel of the matters. Your Honor, as to the third issue, there has never been any suggestion or any submission that despite whatever conversation took place between the witness, that any trial strategy was revealed. In fact, I'll point the court to the affidavit filed by the defense in support of their motion for a new trial, which is from the witness herself, in which she makes it abundantly clear that the only way to get to the bottom of this case is to get to the bottom of it. The only discussion that was held was about the statement made to the defendant. And while there is a Sixth Amendment protection for those discussions, if, and the government will not necessarily concede, that when the defense hires a government witness and then tries to slap secrecy on it, that that's a valid Sixth Amendment privilege. But be that as it may, in looking at that, there's no suggestion that the Danielson case clearly doesn't fit this fact pattern. That was deliberately sending in an informant to get trial strategy. That was not the case. There has been no showing in the court in its motion for a new trial. Denying that particular ground made it abundantly clear on two occasions that there was nothing in the trial that she observed. And she was obviously peculiarly sensitive to that matter to suggest that anything got into evidence that was a result of that conversation. Based on the facts of the witnesses and the defendant's videotaped statement, there was no introduction in accordance with her, the remedy that she fashioned. And still to this day. So the burden is on the defendant to prove that the statements were prejudicial. They were not into evidence. He has not suggested they're into evidence. And therefore, that issue must fail. And unless there are any other questions. Fairly not. Thank you. Mr. Park. I don't really have any further comments unless the court has any questions. We appreciate the argument from both of you. Raised some interesting issues, some of which may be more theoretical than real, but interesting issues nonetheless. The case just argued is submitted. That concludes this morning's calendar. We are in recess. Thank you. Thank you.
judges: Hug, Clifton, Roth